IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONIQUE IRISH, | ) Civil Action No. 1:21-cv-04479-CAP-JSA |
| | ) |
| Plaintiff, | ) |
| | ) **COMPLAINT AND TRIAL BY** |
| vs. | ) **JURY DEMAND** |
| | ) |
| ASSET RECOVERY SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. Plaintiff Monique Irish ("Plaintiff") brings this action against Defendant Asset Recovery Solutions, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person residing in the State of Georgia, County of Cobb, and City of Atlanta.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Specifically, Plaintiff's alleged obligation arises from a personal Lending Club Account (the "Debt").

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. In connection with the collection of the Debt, Defendant sent Plaintiff written correspondence dated April 30, 2021.

14. Plaintiff received Defendant's April 30, 2021 letter on May 10, 2021.

15. Plaintiff then sent Defendant a timely written dispute of the Debt.

16. Defendant received Plaintiff's timely written dispute on May 20, 2021.

17. Nevertheless, Defendant failed to cease collection of the Debt.

18. In connection with the collection of the Debt, Defendant sent Plaintiff written correspondence dated June 30, 2021.

19. Defendant's June 30, 2021 letter failed to provide verification of the Debt.

20. Having not received the requested verification, Plaintiff incurred the cost of sending another written correspondence to Defendant on July 24, 2021.

21. Defendant finally sent Plaintiff purported verification of the Debt via written correspondence dated August 6, 2021.

22. However, Defendant's August 6, 2021 correspondence failed to provide all the information requested by Plaintiff in her letters.

23. Accordingly, Plaintiff sent Defendant written correspondence dated August 18, 2021, refusing to pay the Debt and demanding Defendant "[d]iscontinue all communications with me as I will not be offering to pay any money to pay this debt."

24. Defendant failed to cease communications with Plaintiff as she requested.

25. Instead, Defendant sent Plaintiff written correspondence dated August 27, 2021.

26. Defendant's August 27, 2021 letter advised that it was an attempt to collect the Debt and directed Plaintiff to call Defendant with any questions related to the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

27. Plaintiff repeats and re-alleges each factual allegation above.

28. Defendant violated 15 U.S.C. § 1692c(c) by failing to cease collection of the Debt after receiving Plaintiff's letter refusing to pay the Debt and demanding Defendant cease and desist all communications with her.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(b)

29. Plaintiff repeats and re-alleges each factual allegation above.

30. Defendant violated 15 U.S.C. § 1692g(b) by failing to cease collection of the Debt until obtaining and mailing Plaintiff verification.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby demands a trial by jury.

Dated October 28, 2021

    Respectfully submitted,

    <u>s/Marques J. Carter</u>
    Marques J. Carter
    Georgia Bar No. 105133
    Law Office of Marques J. Carter, LLC
    3400 Chapel Hill Road, Suite 100
    Douglasville, GA 30135
    (888) 332-7252
    (866) 842-3303 (fax)
    MCarter@ThompsonConsumerLaw.com
    Attorney for Plaintiff

    Correspondence address:
    Thompson Consumer Law Group, PC
    11445 E Via Linda, Ste. 2 #492
    Scottsdale, AZ 85259

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

                                                                      Respectfully submitted,

                                                                       s/Marques J. Carter
                                                                       Marques J. Carter